# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIA A. HERNANDEZ,<br><br>　　　　Plaintiff,<br>　vs.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee; FCI LENDER SERVICES, INC.; and DOES 1-10,<br><br>　　　　Defendants. | CASE NO. 08cv2336-IEG (LSP)<br><br>**ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**<br><br>**(Doc. No. 4)** |

Presently before the Court is defendant U.S. Bank National Association's ("U.S. Bank") motion to dismiss plaintiff's original complaint. (Doc. No. 4.) U.S. Bank is the successor in interest to the Federal Deposit Insurance Corporation as receiver for defendant Downey Savings and Loan Association, F.A. ("Downey"). For the reasons stated herein, the motion is DENIED AS MOOT.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from plaintiff's original complaint. Plaintiff's claim arises out of a loan she received from Downey when she refinanced her home on May 11, 2006. On that date, plaintiff signed an adjustable rate note in the amount of $296,000 in addition to a deed of trust that gave Downey a power of sale against her property. Plaintiff alleges that loan's terms included a yield spread premium ("YSP") that Downey never disclosed to her. The alleged affect of the YSP was an

1  increase in the rate of the note. Plaintiff alleges she paid her monthly mortgage through October 2007,
2  and that Downey filed a Notice of Default on March 27, 2008. On July 31, 2008 plaintiff sent a
3  Notice of Recission and Notice of Tender to Downey based on violations of the Truth in Lending Act.
4  On July 31, 2008 there was a trustee's sale of plaintiff's property, which was conveyed to defendant
5  Deutsche Bank National Trust Company ("Deutsche") as a credit bid.

6  Plaintiff brought the instant action for declaratory relief, cancellation of the trustee's deed,
7  trustee's sale, notice of sale, and notice of default, rescission, and quiet title in the Superior Court of
8  California on November 5, 2008. Downey removed the case to this Court on December 17, 2008.
9  (Doc. No. 1.) On December 23, 2008, Downey filed a motion to dismiss the complaint. (Doc. No.
10 4.) Plaintiff did not file an opposition, and Downey filed a "response in support" of its motion on
11 February 12, 2009. (Doc. No. 5.) Plaintiff filed a first amended complaint on February 23, 2009.
12 (Doc. No. 7.) The Court finds Downey's motion suitable for disposition without oral argument
13 pursuant to Local Civil Rule 7.1(d)(1).

**DISCUSSION AND CONCLUSION**

15  Federal Rule of Civil Procedure 15 provides, "[a] party may amend its pleading once as a
16 matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A)
17 (2009). Although Downey has filed a motion to dismiss the original complaint, a motion to dismiss
18 is not a "responsive pleading" within the meaning of the Rule 15. Breier v. N. Cal. Bowling
19 Proprietors' Ass'n., 316 F.2d 787, 789 (9th Cir. Cal. 1963). A motion for leave to amend a complaint
20 is unnecessary if filed before an answer, but if such a motion is filed at that stage, the Court must grant
21 it. Id. Because plaintiff has filed an amended complaint before being served with a responsive
22 pleading, the first amended complaint is now the operative complaint. The Court therefore **DENIES**
23 **AS MOOT** U.S. Bank's motion to dismiss the original complaint.

24 **IT IS SO ORDERED.**

26 **DATED: March 3, 2009**

27  _____
    **IRMA E. GONZALEZ, Chief Judge**
28  **United States District Court**